# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-00002-DSC

| | |
|---|---|
| OLIVIA WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> PATRICK R. DONAHOE, ) <br> POSTMASTER GENERAL, UNITED ) <br> STATES POSTAL SERVICE, ) <br> ) <br> Defendant. ) | **MEMORANDUM AND** <br><br> **ORDER** |

**THIS MATTER** is before the Court on the "Federal Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment," Doc. 13, filed May 5, 2014 and the parties' briefs, Docs. 3, 11 and 14. The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and this Motion is now ripe for the Court's consideration.

After fully considering the arguments, the record, and the applicable authority, the Court **GRANTS** Defendant's Motion to Dismiss, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Patrick R. Donahoe is the Postmaster General for the United States Postal Service ("USPS"). Plaintiff is employed by the USPS as a Sales Service Distribution Associate ("SSDA") at the USPS Charlotte Downtown Station. Plaintiff sustained injuries on the job, resulting in restrictions associated with a sprain/strain to her lumbar region. Plaintiff was offered and accepted a limited duty modified assignment in August 2010. Plaintiff's duties under the modified assignment included one hour of window operation, five hours of passport office

duties, and two hours of letter casing five days a week. Plaintiff's hours were from 7:00 a.m. to 4:00 p.m. with Saturday and Sunday as her scheduled days off. Plaintiff reported directly to Supervisor of Customer Services William Erik Wall and indirectly to Ron Cole, who served as Manager of Customer Services.

Plaintiff suffers from plantar fibromatosis. This condition resulted in the following workplace restrictions: standing - one hour; walking - one hour; bending – one half hour; and pushing – one half hour. Plaintiff's lumbar injury resulted in additional workplace restrictions: sitting - five hours; standing - two hours; walking - two hours; reaching above shoulder - one hour; twisting - one hour; bending/stooping - one hour; pushing/pulling - one hour, ten pound weight limit; lifting - two hours, ten pound weight limit; squatting - two hours; kneeling - two hours; and climbing - two hours. These limitations became even more restrictive in September 2012 when Plaintiff's health care provider limited her standing and walking to one hour and imposed a one-hour reaching restriction.

Plaintiff seeks treatment for these conditions on an as-needed basis. According to Plaintiff, she is "able to carry on with all [her] major life activities by being extremely careful with the type of activities [she does] because of [her] back and feet." Doc. 13-2 at 5.

On July 15, 2012, Plaintiff instituted her EEO claim by filing her first of two Informations for Pre-Complaint Counseling ("Informal Complaint") with Defendant's EEO office. In her first Informal Complaint, Plaintiff alleged that she had been discriminated against on the basis of her race (African-American), sex (female) and physical disability (permanent work restrictions). On August 30, 2012, Plaintiff filed an EEO Complaint of Discrimination with the Postal Service ("Formal EEO Complaint") alleging harassment and discrimination on the basis of race, sex and disability. Plaintiff later sought to amend her Formal EEO Complaint

to include retaliation, which was accepted on November 27, 2012. Plaintiff withdrew her claims for race and sex discrimination at the administrative level.

The parties conducted extensive discovery. On July 30, 2013, Defendant filed a Motion for Summary Judgment, to which Plaintiff responded on August 13, 2013. The EEOC Administrative Law Judge issued a Decision and Order Granting Summary Judgment in favor of Defendant on September 25, 2013. Plaintiff received a Notice of Right to File on October 5, 2013 and commenced this action on January 2, 2014.

Plaintiff lists six causes of action alleging that she was subjected to a hostile work environment because of her work restrictions. On May 5, 2014, Defendant filed his Motion to Dismiss, Doc. 13. Defendant argues that Plaintiff's Complaint does not allege facts showing that she is disabled within the meaning of the Rehabilitation Act nor does she allege facts showing any adverse employment action or causal relation between any adverse employment action and her alleged disability. Defendant also argues that the USPS had legitimate business reasons for the actions it took regarding Plaintiff. In her Response to Defendant's Motion to Dismiss, Doc. 16, Plaintiff does not contest any of Defendant's factual assertions, but states in a conclusory fashion that she is disabled because she is unable to lift ten pounds.

The Motion has been fully briefed and is now ripe for review.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper technical, code pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not

'show[n]' 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

The Court is mindful of the latitude extended to pleadings submitted by pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). As a result, even a pro se plaintiff's claim for relief "requires more than labels and conclusions...." Twombly, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a pro se plaintiff must still "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Even when asserted by pro se plaintiffs, conclusory statements without well pleaded facts to support them will not survive a motion to dismiss under Rule 12(b)(6).

## B. Plaintiff's Claims

The Rehabilitation Act prohibits discrimination on the basis of disability in programs that receive federal funding. 29 U.S.C. § 794(a); see also Davis v. Univ. of North Carolina, 263 F.3d 95, 98-99 (4th Cir. 2001).

When evaluating claims of employment discrimination under the Rehabilitation Act, the McDonnell Douglas framework applies. Hawkins v. PepsiCo, Inc., 203 F.3d 274, 278 (4th Cir.

2000) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817 (1973)). Under McDonnell Douglas, Plaintiff bears the initial burden to establish a prima facie case by showing that she has a disability as defined by the Act; was qualified for the job and performing it to Defendant's legitimate expectations; was subject to an adverse employment action; and the adverse employment action occurred under circumstances that raise a reasonable inference of unlawful discrimination. Webster v. Henderson, 32 Fed. App'x 36, 41 (4th Cir. 2002). If Plaintiff is successful in making a prima facie case, the burden of production then shifts to Defendant to articulate a legitimate, non-discriminatory reason for the employment action. Hawkins, 203 F.3d at 278. Should Defendant succeed in carrying this burden, the burden shifts back to Plaintiff to prove that Defendant's reasons are a pretext for unlawful discrimination. Id.

Plaintiff alleges that Defendant discriminated against her because of her disabilities. However, she has failed to show that she has a physical or mental impairment that substantially limits one or more of her major life activities, that she has a record of an impairment, or that she is regarded as having such an impairment. 42 U.S.C. § 12102, 29 C.F.R. § 1614.203(a)(1). A major life activity is a function such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, and working. 42 U.S.C. § 12102, 29 C.F.R. § 1614.203(a)(3). "Substantially limits" means that an individual is either unable to perform a major life activity that the average person in the general population can perform or that the individual is significantly restricted in his ability to perform a major life activity as compared to the average person in the general population. 29 C.F.R. § 1630 2(j)(1).

While Plaintiff may have physical impairments, she has failed to show that those impairments substantially limit her in a major life activity. The Rehabilitation Act requires those "'claiming the Act's protection … to prove a disability by offering evidence that the extent of the

limitation [caused by the impairment] in terms of their own experience… is substantial.'" Thomas v. Potter, 325 F.Supp.2d 596, 605 (M.D.N.C. 2004) (citing Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 198 (2002) (quoting Albertson's, Inc. v. Kirkingburg, 527 U.S. 555, 567 (1999)). Therefore, "[i]t is insufficient for individuals attempting to prove disability status under this test to merely submit evidence of a medical diagnosis of an impairment." Id.

Plaintiff fails to satisfy the elements of a prima facie case under the Rehabilitation Act. She attaches Department of Labor Workers' Compensation Program ("OWCP") forms to her Complaint and states that she believes Defendant's conduct was discriminatory with respect to her "disabilities (work limitations from OWCP claims)." She fails to show how her physical impairments significantly restrict her ability to walk, stand, lift or reach. When asked in her EEO Investigative Affidavit to identify her physical impairments and describe how those impairments limit her in any of her major life activities, Plaintiff replied, "[w]hile I am able to carry on with all my major life activities by being extremely careful with the type of activities I do because of my back and feet." Doc. 13-2 at 5.

Plaintiff relies solely on the fact that she has two medical conditions documented by OWCP to support her contention that she is disabled. She has not shown that she is substantially limited with respect to the major life activities of walking, standing, lifting, reaching, pushing and pulling. Plaintiff has failed to show that her physical impairments severely restrict her ability to walk, stand, lift, reach, push or pull as compared to an average person in the general population. See Gallimore v. Newman Machine Co., 301 F.Supp.2d 431, 446 (M.D.N.C. 2004) (holding that plaintiff was not substantially limited in the major life activity of standing because plaintiff had only shown that she was unable to stand for more than forty-five minutes to an hour); Potter, 325 F.Supp.2d at 607-08 (finding a lifting restriction of twenty-five pounds along

with a one hour standing restriction insufficient to show that plaintiff is substantially limited in the major life activity of lifting as compared to an average person in the general population).

Plaintiff has also failed to show that Defendant regarded her as having a disability. Defendant's knowledge of Plaintiff's permanent work restrictions is not sufficient evidence that the USPS regarded her as disabled. Rohan v. Networks Presentations LLC, 375 F.3d 266 (4th Cir.2004) ("the fact that an employer is aware of an employee's impairment, without more, is 'insufficient to demonstrate either that the employer regarded the employee as disabled or that perception caused the adverse employment action.'") (quoting Kelly v. Drexel University, 94 F.3d 102, 109 (3d Cir.1996)).

The Court finds that Plaintiff has failed to show that she is disabled within the meaning of the Rehabilitation Act. Therefore, her Complaint must be dismissed.

FOR THE FOREGOING REASONS, the Court GRANTS "Federal Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment," Doc. 13. The Clerk is directed to send copies of this Order to counsel for Defendant and to the pro se Plaintiff.

**SO ORDERED**.

Signed: June 19, 2014

David S. Cayer
United States Magistrate Judge